# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Originally Filed: December 8, 2016
Refiled in Redacted Form: January 23, 2017

```
* * * * * * * * * * * * *     *
M.M.,                          *
                               *     No. 15-807v
            Petitioner,        *     Special Master
                               *     Hamilton-Fieldman
v.                             *
                               *
SECRETARY OF HEALTH            *     Attorneys' Fees and Costs;
AND HUMAN SERVICES,            *     Reasonable Amount Requested.
                               *
            Respondent.        *
* * * * * * * * * * * * *     *
```

Carol L.Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 29, 2015, M.M. ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of the Influenza ("Flu") vaccine on September 18, 2013 caused her to develop Guillain-Barré Syndrome ("GBS"). Petition at Preamble, filed July 29, 2015. On October 14, 2016, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' joint stipulation.

---

[1] When this decision was originally filed the undersigned advised her intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner filed a timely motion to redact certain information. This decision is being reissued with the redaction of Petitioner's name. Except for those changes and this footnote, no other substantive changes have been made. This decision will be posted on the court's website with no further opportunity to move for redaction.

On November 17, 2016, Petitioner filed an application for attorneys' fees and costs. Petitioner requested compensation in the amount of $90,738.38 for attorneys' fees and costs, and costs personally incurred by Petitioner in the amount of $1,196.00. Petitioner's Application at 3, filed Nov. 17, 2016. Respondent filed a response to Petitioner's request on November 18, 2016, stating that based on a survey of fee awards in similar cases and in her experience litigating Vaccine Act claims, a reasonable amount for fees and costs in this case would fall between $63,000.00 and $70,000.00. Response at 3, filed Nov. 18, 2016. Petitioner filed a reply on November 29, 2016, arguing that her number of billable hours is not excessive and her hourly rate is reasonable; therefore, an award of $75,549.75 in attorney fees and $15,384.63 in costs is reasonable. Reply at 1-4. The undersigned agrees. Attorneys' fees and costs are specific to each case and cannot be generalized as Respondent argues. Respondent provided no basis or explanation for how she arrived at her proposed range for this specific case. In addition, the hourly rate sought by Petitioner's counsel appears to be consistent with that awarded recently by other special masters in the program. *See Bord v. Sec'y of HHS*, 14-1009 (Fed. Cl. Spec. Mstr. Dec. 5, 2016).

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and expert costs in this case and finds that Petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned hereby awards the amount of $90,738.38, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Carol L. Gallagher, of Carol L. Gallagher, Esquire, LLC for attorneys' fees and costs; and awards the amount of $1,196.00, in the form of a check payable to Petitioner only.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).